<pre>
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 17-24160-CV-GAYLES
                                    MAGISTRATE JUDGE P.A. WHITE
RAMI AHMAD ABED RABBOH,

     Petitioner,

v.                                  **REPORT OF
                                    MAGISTRATE JUDGE**
UNITED STATES OF AMERICA,
et al.,

     Respondents.
                                /
</pre>

## I. Introduction

The petitioner, Rami Abed Rabboh, while confined at the local Krome Service Processing Center[1], in Miami, Florida, filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging his pre-removal detention and continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). He seeks an Order from this Court directing that he be released from immigration custody.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B). See also, U.S. Dist. Ct., Southern Dist. of Fla., Admin. Order 2003-19. Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. §2241 is appropriate when the petition plainly reveals that relief is not warranted under Rule 4. See also 28 U.S.C. §2243 (providing that a

---

[1] The petition is captioned listing Folkston ICE Processing Center, however a search of the ICE Detention Information website indicates the petitioner is confined at Krome Processing Center.

§2241 petition can be dismissed unless it appears from the application that the person detained is not entitled to the relief requested.[2]

## II. Facts

The petitioner arrived in the United States on December 31, 2002. He alleges he is in the custody of Immigration Customs Enforcement pursuant to an order of removal entered on August 1, 207 and has been in custody since that date. As of the date of this report the petitioner has been detained for 104 days after the entry of the order of removal.

## III. Legal Standard of Review

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 18 U.S.C. § 2241(c)(3). Challenges to deportation proceedings are cognizable under Section 2241 and, under certain circumstances, challenges to detainers may also be brought under Section 2241. Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990).

## IV. Discussion

Petitioner explains that he entered the United States with a visa on December 31, 2002. He maintains a final order of removal was entered on August 1, 2017.

---

[2] A petitioner cannot proceed with a petition for a writ of habeas corpus in this Court unless he has either paid the $5.00 filing fee or qualified to proceed in forma pauperis ("IFP"). See Rule 3(a), Rules Governing Section 2254 Cases. The Court would ordinarily provide petitioner with the opportunity to satisfy the filing fee requirement. However, because the instant petition is being dismissed *sua sponte* for the reasons discussed in this Report, this Court determines that in the interest of judicial economy petitioner will not be afforded additional time to comply with the filing fee requirements. See Dionne v. Suffolk County Sheriff Dep't., 2012 WL 3492018 (D.Mass 2012).

Here, by petitioner's own admission, it appears that he is "in custody" for purposes of §2241 review because he is subject to a final order of removal. Although the petitioner has failed to name a respondent, the only proper respondent in a habeas corpus petition under §2241 is the inmate's immediate custodian at the time the petition is filed. 28 U.S.C. §§ 2242-2243; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The inmate's custodian is the warden of the facility where the inmate is confined. Padilla, 542 U.S. at 435.

Petitioner suggests that his continued detention violates Due Process citing Zadvydas v. Davis, 533 U.S. 678, 694–99 (2001). In order for the Court to take jurisdiction over an action, an actual case or controversy must be present. Rizzo v. Goode, 423 U.S. 362, 372 (1976); O'Shea v. Littleton, 414 U.S. 488, 493–95 (1974); Johnson v. Sikes, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the defendant's allegedly wrongful actions. O'Shea, 414 U.S. 493 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973)).

This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Id. at 494. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." Id. "[P]rudential considerations" also require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." Sikes, 730 F.2d at 648–49 (quoting Ashwander v. TVA, 297 U.S. 288, 346 (1936)).

Pursuant to 8 U.S.C. §1231(a)(1), the federal government is required to attempt to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the government must detain the alien. 8 U.S.C. §1231(a)(2). The government may detain an alien beyond the ninety—day removal period only for a length of time reasonably necessary to bring about the alien's actual removal, which is presumptively six months. See Zadvydas at 694-99 (2001).

By petitioner's own admissions, he was not taken into ICE custody until August 2017. ICE will have a duty to ensure he is deported and, if he cannot be deported, that he is evaluated for release. See Zadvydas, 533 U.S. at 678. At that point, ICE may detain him for a presumptively reasonable time until it determines the conditions under which he must report under supervision once released. Id.

At present, however, the presumptively reasonable six month period has not yet expired. Therefore, the issue of whether he will be removable is premature. See, e.g., Martell v. Sec'y, Dep't of Corr., 2012 WL 1016821 (M.D. Fla. March 26, 2012) (challenge to future ICE detention not ripe for review where the removal period would not begin until prisoner is released from DOC) (unpublished). As such, petitioner's present argument that his detention violates Due Process is premature and should be dismissed.

In sum, petitioner has failed to present any facts or arguments entitling him to relief from this Court in this habeas corpus proceeding. More specifically, he has not shown facts indicating that ICE is incapable of executing his removal and that his detention will be of an indefinite nature. Accordingly, dismissal of the instant petition is warranted. Because

circumstances may ultimately change in petitioner's situation, the dismissal should be without prejudicing petitioner's ability to file a new §2241 petition, in the future, that may seek to state a claim upon which habeas relief can be granted. See Akinwale, 287 F.3d at 1052.

## V. Conclusion

It is therefore recommended that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. §2241, be denied without prejudice to petitioner's right to file a future petition if circumstances change.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 15th day of November, 2017.

UNITED STATES MAGISTRATE JUDGE

cc:
Rami Abed Rabboh
A-055-411-192
Folkston ICE Processing Center
Inmate Mail/Parcels
3026 Highway 252 East
Folkston, GA 31537
PRO SE

Rami Abed Rabboh
A055-411-192
Krome North SPC
18201 S.W. 12th Street
Miami, FL 33194


Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov